UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-115-FDW

HARRY SHAROD JAMES-EL,[1]

Plaintiff,

vs.

ERIK A. HOOKS, et al.,

Defendants.

ORDER

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).

## I. BACKGROUND

*Pro se* Plaintiff is currently incarcerated at the Albemarle Correctional Institution in Badin, North Carolina. He has filed this civil rights action pursuant to 42 U.S.C. § 1983 the Religious Land Use and Institutionalized Persons Act, 42 USC 2000cc *et seq*. He names as Defendants: North Carolina Department of Public Safety ("NCDPS") Secretary Erik A. Hooks, Albemarle C.I. Superintendent Mr. Diggs, Inmate Grievance Resolution Board Member Kimberly D. Grande, and NCDPS.

Construing the allegations liberally and accepting them as true, Plaintiff is being deprived the right to practice his Muslim religion at Albemarle C.I. He seeks damages, a "judgment lien," declaratory and injunctive relief, and a jury trial. (Doc. No. 1 at 4).

## II. DISCUSSION

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Harry S. James. See https://www.ncdps.gov/dps-services/crime-data/offender-search; Fed. R. Ev. 201.

1

in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989).

Plaintiff presently resides at Albemarle C.I. where the alleged incidents occurred, which is located in Stanly County in the Middle District of North Carolina. The Defendants appear to work

at either the Albemarle C.I. or in Raleigh, which is in Wake County in the Eastern District of North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[2] venue would be proper in the Middle District of North Carolina where the events giving rise to the claims occurred and where several of the Defendants are located.

### III. CONLUSION

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina.

**IT IS THEREFORE ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina

Signed: March 3, 2020

Frank D. Whitney
Chief United States District Judge

---

[2] The Court expresses no opinion about Plaintiff's standing or the procedural viability or merit of his case.